AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

v.

Case No. 25-mj-5230

**PEDRO SERVIN GRIMALDO**
_____
*Defendant*

FILED
NOV 14 2025
MARY C. LOEWENGUTL, CLERK
WESTERN D[ST]... CT OF NY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 3, 2025, in the County of Erie, in the Western District of New York, the defendant, PEDRO SERVIN GRIMALDO, who was removed from the United States on or about October 11, 2001, subsequent to a felony conviction, was found in the United States without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission to the United States. All in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1).

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

_____
*Complainant's signature*

THOMAS J. COFFMAN
UNITED STATES BORDER PATROL AGENT
UNITED STATES BORDER PATROL
_____
*Printed name and title*

Sworn to before me and signed telephonically.

Date: November ____, 2025

**10:32 AM, Nov 14, 2025**

_____
*Judge's signature*

City and State:  Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE         )    SS:
CITY OF BUFFALO      )

I, Thomas J. Coffman, being duly sworn, deposes and says that:

1.      I am a United States Border Patrol Agent with the United States Border Patrol, within the Department of Homeland Security (DHS), stationed in Buffalo, New York. I have been employed as a Border Patrol Agent for fourteen (14) years. In such capacity, my official duties include investigating people who have violated federal immigration laws and other related federal statutes. I have conducted and participated in investigations relating to unauthorized re-entry in the United States, in violation of Title 8, United States Code, Section 1326(a)(1) and 1326(b)(1).

2.      As a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to effectuate arrests and execute criminal complaints and warrants issued under the authority of the United States. As part of my current duties, I have become involved in an investigation of a suspected violation of Title 8, United States Code, Section 1326(a) Re-entry of Removed Aliens and 1326(b)(1).

3.      I make this Affidavit in support of the Criminal Complaint charging PEDRO

SERVIN GRIMALDO (hereinafter "SERVIN GRIMALDO"), an alien, born in 1972 in Mexico, with having been found in the United States, after having been previously removed or deported from the United States, subsequent to a felony conviction, without first applying to the Attorney General or the Secretary of the Department of Homeland Security, for permission to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1).

4.     The statements contained in this affidavit are based upon my personal observations, my training and experience, my review of database checks and official records, and upon information provided to me by other United States Border Patrol and other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant did knowingly violate Title 8, United States Code, Sections 1326(a)(1) and 1326(b)(1).

## PROBABLE CAUSE

5.     On or about November 3, 2025, Buffalo Border Patrol Station Targeting Unit (TU) Agents in collaboration with Homeland Security Investigations (HSI), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), and the Internal Revenue Service (IRS) arrested three (3) illegal aliens as part of the national security missions established under Operation Unified Alliance and Operation Safeguard in West Seneca, New York, within the Western District of New York.

2

6.    Agents were conducting plain clothes surveillance near an active construction site in West Seneca, New York. On at least four previous occasions, agents have arrested illegal aliens working at this specific construction site. On each of these previous occasions it was a common trend for aliens from out-of-state and operating vehicles with out-of-state registrations to work on this job site due to local contractors charging a higher wage for services.

7.    Agents had also received information from credible sources that suspected illegal aliens were still being employed at this construction site. It was explained the subjects in question spoke only Spanish and were driving pickup trucks with out-of-state license plates.

8.    Therefore, the Buffalo Border Patrol Station TU organized a multi-agency enforcement operation targeting out of state vehicles leaving the construction site at West Seneca, New York. During this operation, a black pickup truck bearing out-of-state license plates was located at the construction site. Records checks revealed no current registration on file; however, the vehicle was previously registered to a construction company. The vehicle was seen by agents leaving the construction site. The truck was occupied by four Hispanic males in high visibility gear, which is clothing commonly worn by workers on construction sites.

9.    Based upon the information provided by tips, as well as the agents experience from previous encounters with illegal aliens and specifically encounters with illegal aliens from this job site; agents in unmarked vehicles attempted to conduct a vehicle stop on this

3

black pickup truck. Agents activated the emergency lights and sirens on their vehicles to initiate the stop.

10.    The vehicle yielded and agents approached the vehicle and identified themselves as immigration officers of their respective agencies. All agents approached the vehicle with police markings visible on their outer government issued body armor and displayed their law enforcement badges during the enforcement action.

11.    Agents questioned all four subjects as to their citizenship. Three of the subjects, including SERVIN GRIMALDO, who was a passenger in the vehicle, admitted to being illegally present in the United States without any valid immigration documents that would allow them to remain. The fourth subject, the driver, was identified as a lawfully admitted permanent resident of the United States and subsequently released.

12.    United States Border Patrol Agents took SERVIN GRIMALDO into custody. As a part of processing, an electronic scan of SERVIN GRIMALDO's fingerprints were taken to verify his identity and any immigration history he may have in the United States. This query resulted in an identical biometric match revealing that SERVIN GRIMALDO had been issued an FBI number and immigration fingerprint identification number.

13.    Criminal and immigration database record checks associated with SERVIN GRIMALDO's fingerprints revealed the following:

    a. SERVIN GRIMALDO is a native and citizen of Mexico.

4

b. On or about February 9, 1995, SERVIN GRIMALDO was convicted of Grand Theft Auto, which is a Felony, in Manatee, Florida.

c. On or about August 31, 1995, SERVIN GRIMALDO was convicted of Grand Theft Auto, which is a Felony, in Manatee, Florida.

d. On or about April 14, 1998, SERVIN GRIMALDO was encountered under the Detention and Deportation Program (DDP) while incarcerated in Manatee, Florida.

e. On or about February 4, 1999, SERVIN GRIMALDO was convicted of Armed Burglary of a Structure, which is a first-degree Felony, in Manatee, Florida.

f. On or about September 19, 2000, SERVIN GRIMALDO was ordered removed by an Immigration Judge in Miami, Florida.

g. On or about September 24, 2001, SERVIN GRIMALDO was served a warning to aliens being ordered removed or deported.

h. On or about October 11, 2001, SERVIN GRIMALDO was physically removed from the United States via the Laredo, Texas Port of Entry.

14. There is no record that SERVIN GRIMALDO had applied for or received any authorization or approval from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to re-enter the United States after his last removal.

15. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that on or about November 3, 2025, within the Western District of New York, SERVIN GRIMALDO, an alien who was removed from the United States on or about October 11, 2001, subsequent to a felony conviction, was found in the United States without having obtained the express consent of the Attorney General of the United States or the

5

Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a) and 1326(b)(1).

THOMAS J. COFFMAN
United States Border Patrol Agent
United States Border Patrol

Sworn and subscribed to before me telephonically on this _____ day of November 2025.

**10:32 AM, Nov 14, 2025**

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

6